# In the United States Court of Federal Claims

No. 12-806C
(Filed: November 30, 2012)

|  |  |
|---|---|
| KEVIN CLAY FELTS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**OPINION DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION**

On November 20, 2012 Kevin Clay Felts ("Mr. Felts" or "the plaintiff") filed a pro se complaint (No. 12-906C) against the United States ("the government" or "the defendant") claiming due process violations and breach of contract.[1]  This action arises from the alleged conduct of certain government officials in connection with the investigation, indictment, prosecution, and sentencing of the plaintiff on federal weapons charges.  For the reasons set forth below, the complaint must be **DISMISSED** for lack of subject matter jurisdiction under Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

---

[1] Mr. Felts applied for leave to proceed in forma pauperis on November 20, 2012.  This application is **GRANTED** for the purpose of filing the complaint.

## I. BACKGROUND

The following allegations of fact are taken from the plaintiff's complaint. Between 2005 and 2007, the federal government investigated, indicted, prosecuted, and sentenced the plaintiff for illegal possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) (2006).[2] Although the plaintiff had been previously convicted of a state-law felony in Louisiana, he contends that his right to possess a firearm had been restored by article I, section 20, of the Louisiana Constitution ("Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."). The plaintiff argues that the prosecuting Assistant United States Attorney and the investigator in the United States Probation Office, as agents of the United States, breached their constitutional duties to Mr. Felts by prosecuting him under 18 U.S.C. §922(g)(1). Mr. Felts seeks money damages in excess of $200 million. He also asks the court to recognize his independent sovereignty and to terminate his citizenship.

With regard to the acts of the United States Attorney's Office, Mr. Felts alleges that the prosecutor presented false information concerning his prior conviction to (1) grand juries in July 2005, June 2006, and March 2007; (2) a trial court between

---

[2] 18 U.S.C. § 922(g)(1) makes it illegal for any person who has been convicted of a crime punishable by more than one year in prison to possess a firearm. However, 18 U.S.C. § 921(a)(20) defines qualifying convictions so as to exclude those state-law offenses for which the defendant's civil rights have been restored, unless the restoration of civil rights expressly provides that the person may not possess or receive firearms. See, e.g., United States v. Osborne, 262 F.3d 486, 489 (5th Cir. 2001); United States v. Dupaquier, 74 F.3d 615, 617 (5th Cir. 1996).

November 2007 and December 2007; and (3) the United States Probation Office in December 2007. Mr. Felts further alleges that the prosecutor sought a federal arrest warrant based on similar false information in August 2005,[3] and that in early 2012 the prosecutor improperly failed to respond to the plaintiff's three requests for assistance in light of his alleged "innocence."[4] With regard to the United States Probation Office, Mr. Felts alleges that the official responsible for submitting investigative reports to the sentencing judge failed to inform the judge that the plaintiff's right to possess a firearm had been restored and thus he had not been properly convicted.

## II. DISCUSSION

This court may not proceed to the merits of Mr. Felts' complaint without first addressing the issue of jurisdiction. Holmes v. United States, 657 F.3d 1303, 1311 (Fed. Cir. 2011). If the plaintiff fails to establish subject matter jurisdiction the case must be dismissed. See Cent. Pines Land Co. v. United States, 99 Fed. Cl. 394, 397 (2011) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)), aff'd sub nom. Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360 (Fed. Cir. 2012); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[3] Some of the allegedly wrongful conduct giving rise to this complaint occurred more than six years prior to filing. The court observes that, to the extent that the conduct was sufficient for one or more of the claims to accrue prior to November 21, 2006, such claims would be time-barred under the court's statute of limitations. 28 U.S.C. § 2501.

[4] The court notes that the plaintiff, in his complaint, states that he is not attacking either his conviction or the resulting sentence.

Although the court affords a pro se plaintiff leniency when construing his pleadings, Wilson v. United States, 404 Fed. App'x 499, 500 (Fed. Cir. 2010) (per curiam) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), the plaintiff must still demonstrate that he has stated a non-frivolous claim within the jurisdiction of the court. Id. Here, the plaintiff asserts that the court has jurisdiction over his claims under the Tucker Act, 28 U.S.C. § 1491(a) (2006). The Tucker Act provides the court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." Id. The plaintiff alleges that the government breached a contract with him as a citizen when it did not follow the law or act in good faith. For the reasons set forth below, the court finds that the plaintiff has failed to allege a non-frivolous claim for breach of contract and therefore his case must be dismissed.

First, the plaintiff has not established the existence of a contract with the United States that would entitle him to the payment of money damages. The plaintiff contends that all federal agents—including prosecutors and probation office investigators—are under an implied duty of good faith and fair dealing in the performance of their official duties. The plaintiff alleges that the actions of the Assistant United States Attorney and the Probation Office investigator, by violating his Fifth and Fourteenth Amendment right to due process, constituted a breach of this duty that entitles him to money damages.

4

It is well established that a contract with the government requires "mutual intent to contract including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government." Cal. Fed. Bank, FSB v. United States, 245 F.3d 1342, 1346 (Fed. Cir. 2001) (citing Massie v. United States, 166 F.3d 1184, 1188 (Fed. Cir. 1999)). Even construed liberally, the plaintiff has not alleged the existence of either an express or implied contract that would subject the government to liability for money damages. The plaintiff cannot invoke the jurisdiction of this court based on breach of contract where the plaintiff has failed to identify any express or implied contract between himself and the United States. See Ridge Runner Forestry v. Sec'y of Agric., 287 F.3d 1058, 1060 (Fed. Cir. 2002); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 110 (2012).[5]

Second, to the extent that the plaintiff's complaint can be construed as seeking damages based on alleged violations of his Fifth Amendment and Fourteenth right to due process, it must also be dismissed for lack of jurisdiction. This court lacks jurisdiction to hear claims premised on the Due Process Clauses of the Fifth and Fourteenth Amendments. Hampel v. United States, 429 Fed. App'x 995, 998 (Fed. Cir. 2011) (per curiam).

---

[5] Although the court does not have jurisdiction over the plaintiff's so-called contract claim, it is worth noting that federal prosecutors and investigators have absolute immunity from suits for damages related to the carrying out of their official duties. See Van de Kamp v. Goldstein, 555 U.S. 335, 346-48 (2009) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Leitner v. United States, 725 F. Supp. 2d 36, 44-45 (D.D.C. 2010).

5

Finally, having concluded that this court does not have jurisdiction over the plaintiff's claims, the court must also dismiss his request for termination of his citizenship and recognition of his sovereignty. This court generally lacks jurisdiction to grant equitable relief unless it is ancillary to a claim for money damages pending before the court. Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998) (per curiam). Because the court lacks jurisdiction to hear any of Mr. Felts' other claims, the court cannot entertain Mr. Felts' additional requests for relief.

## III. CONCLUSION

Because the court does not have subject matter jurisdiction over any of the claims in this action, Mr. Felts' complaint must be **DISMISSED** under Rule 12(h)(3) of the Rules of the Court of Federal Claims.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

6